IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KYLE GREGORY NUNNEMAN,

        Plaintiff,        3:13-cv-0266-TC

        v.        FINDINGS AND RECOMMENDATION

COUNSELOR TULEY,
et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff, an inmate in the Multnomah County Jail, filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights.

    Plaintiff generally alleged that he has been denied access to "various publications that should not be considered contraband" during his incarceration at the Multnomah County Detention Center. Plaintiff further alleged that he has been

1 - FINDINGS AND RECOMMENDATION

retaliated against for filing grievances. Plaintiff named eleven defendants but for the most part did not allege any specific conduct as to a specific named defendant.

By Order (#5) entered February 25, 2013, plaintiff's complaint was dismissed for failure to state a claim. The Order (#5) set forth the deficiencies of the complaint and allowed plaintiff 30 days to file an amended complaint.

On March 13, 2013, plaintiff filed an amended complaint (#7). As with plaintiff's original complaint (#2), plaintiff's Amended Complaint (#7) is handwritten and difficult to decipher. However, to the extent it is legible, I find that it fails to cure the deficiencies that led to the dismissal of the original complaint.

Plaintiff's amended complaint challenges the mail policies and the adequacy of the MCDC law library and does not re-allege the retaliation claims alleged in the original complaint.

In Claim I, plaintiff generally alleges that the definition of prohibited publications is overly broad and that the criteria for rejecting printed material is subjective. However, plaintiff has not alleged that any specific photo or publication sent to him has been rejected.

In claim II, plaintiff appears to allege that certain legal publications are not available to inmates. I construe

2 - FINDINGS AND RECOMMENDATION

Claim II as a claim for denial of access to the courts.

In order to establish a violation of the constitutional right of access to the courts a prisoner must establish two things. First he must show that the access was so limited as to be unreasonable. <u>Vandelft v. Moses</u>, 31 F.3d 794, 797 (9th Cir. 1994). Second, he must demonstrate that the inadequate access caused him an actual injury. To establish an actual injury, the inmate must demonstrate a specific instance in which he was actually denied access to the courts. <u>Id.</u>

Plaintiff's general allegations are insufficient to state a claim for denial of access to the courts because it is unsupported by any specific factual allegation that would support a finding that the library is constitutionally inadequate.

Moreover, plaintiff has not pleaded or established that he suffered an actual injury as a result of defendants' alleged conduct. Plaintiff's complaints are theoretical in nature, and he has not alleged any specific instance where he has suffered an actual injury or been hindered in his ability to pursue a legal claim from the jail policies concerning legal publications.

In Claim III, plaintiff challenges the alleged mail policy of rejecting publications weighing over two pounds. However, plaintiff has not alleged any specific instance of

3 - FINDINGS AND RECOMMENDATION

mail being rejected as overweight or how he personally has been harmed by the alleged policy.

In summary, plaintiff's complaints are theoretical in nature, and he has not alleged any specific instance where the mail policies or the alleged inadequacy of the Multnomah County Jail law library hindered his ability to pursue a legal claim.

Based on all of the foregoing plaintiff's Amended Complaint (#7) should be dismissed. Because it is apparent that the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice.

This action should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the

4 - FINDINGS AND RECOMMENDATION

factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

*Any appeal from an order adopting this Findings and Recommendation or Judgment dismissing this action would be frivolous and not taken in good faith.*

DATED this 22 day of April, 2013.

_____
Thomas M. Coffin
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION